IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARY R. HANSON,

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 5:08-cv-00261

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 433.  Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings [Docket 10] and Defendant's Motion for Judgment on the Pleadings [Docket 11].  By Standing Order entered on August 1, 2006, and filed in this case on April 17, 2008, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort filed his PF&R [Docket 13] on September 1, 2009, recommending that this Court **GRANT** Plaintiff's Motion for Judgment on the Pleadings, **DENY** Defendant's Motion for Judgment on the Pleadings, **VACATE** the final decision of the Commissioner, and **REMAND** the matter back to the Commissioner for further proceedings.

The Court's review in this case is limited to determining if the factual findings of the Administrative Law Judge (ALJ) are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642) (internal quotation marks omitted). However, "[i]t is not within the province of a reviewing court to determine the weight of the evidence, nor . . . to make findings of fact [or] to resolve conflicts in the evidence." *Hays*, 907 F.2d at 1456.

When addressing the objections to the PF&R, the Court "shall make a *de novo* determination of those recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, objections to Magistrate Judge VanDervort's PF&R were due by September 21, 2009. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the recommendation contained in the PF&R [Docket 13], **GRANTS** Plaintiff's Motion for Judgment on the Pleadings [Docket 10], **DENIES** Defendant's Motion for Judgment on the Pleadings [Docket 11], **VACATES** the final decision of the Commissioner, and **REMANDS** the matter back to the Commissioner for further proceedings.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 22, 2009

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE